080912

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| BRETT A. VANDEWALKER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11cv2056 EJM |
| vs. | ) | |
| | ) | ORDER |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| Defendant. | ) | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security child's benefits, and supplemental security income benefits. The briefing schedule concluded April 12, 2012. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Claiming an onset date of May 13, 2008, plaintiff alleges disability due to multiple impairments including learning disabilities, bi-polar disorder, attention deficit hyperactivity disorder (ADHD), migraines, mood swings, difficulty working in large groups of people, stomach problems, and knee, hip, and back pain. He asserts the Administrative Law Judge (ALJ) erred in failing to give good reasons for discounting the opinion of treating psychiatrist Dr. Marvin Piburn, in failing to adequately assess the work-related limitations imposed by examining psychologist Dr. Ellie Snavely, in improperly evaluating the opinion of therapist Richard Anfinson, and in failing to fully and fairly develop the record. Accordingly,

he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe impairments include borderline intellectual functioning, ADHD, bipolar disorder, oppositional defiant disorder, anxiety disorder, personality disorder, and mild developmental expressive language disorder, but further found he retained the residual functional capacity to engage in substantial gainful activity. T. 21.

Upon review, it is the court's view that the ALJ failed to afford appropriate weight to the views of plaintiff's treating psychiatrist, Dr. Piburn, Medical Director of the BlackHawk-Grundy Mental Health Center (T. 397-402). Noting plaintiff's assertion that he is able to perform personal care and some household chores, the ALJ concluded this assertion was inconsistent with Dr. Piburn's opinion that plaintiff had marked restriction in activities of daily living. The ALJ further noted plaintiff's completion of high school special education, apparently successfully completing Job Corps requirements, discharge from probation, episodic part-time

work, and brief full time work, as inconsistent with Dr. Piburn's opinion that plaintiff would have frequent deficiencies in concentration, persistence, and pace.  The ALJ further noted plaintiff's Global Assessment of Functioning (GAF) scores indicated less limitation than that observed by Dr. Piburn, and discounted Dr. Piburn's explanatory letter and express opinion that GAF scores vary depending upon the current situation, and that plaintiff's GAF score of 55-60 would likely drop lower if plaintiff was put in the working world.  T. 538.   Upon this record and in light of the nature of plaintiff's severe impairments, it is the court's view that the matters noted above are not inconsistencies warranting discounting treating physician Piburn's opinion, and the ALJ erred in so doing.

The court further finds the ALJ failed to afford adequate weight to the opinion of examining consultant Dr. Snavely (T. 390-395).  The ALJ appears to have discounted Dr. Snavely's views, in part, as the ALJ found the evaluation conducted over three days was not done for treatment purposes, but rather to generate evidence favorable to plaintiff for the purpose of plaintiff's claim for benefits, and that Dr. Snavely was presumably paid for the report.  Absent any evidence that a physician's evaluation and opinion is biased, it is the court's view that the fact of a physician performing a consulting examination and receiving payment therefor is not a basis for discounting the physician's opinion, and the ALJ erred in so doing.

The ALJ discounted the views of social worker and counselor Richard Anfinson (T. 380-386), in part because Mr. Anfinson's opinion was given early in

3

the pendency of plaintiff's application, and without the benefit of evidence now in the record. It is the court's view that Mr. Anfinson's treatment notes are not inconsistent with the limitations set forth in his statement, and that discounting his views as having been given without the benefit of future evidence is purely speculative.

Upon the foregoing, it is the court's view that the Commissioner's decision is not supported by substantial evidence on the record as a whole, and this matter shall be reversed and remanded for further proceedings in accordance herewith. On remand, the matter of further development of the record as to an unsigned questionnaire discussed by the ALJ (T. 27), and reports from Job Corps, may be further explored as appropriate.

It is therefore

ORDERED

Reversed and remanded for further proceedings in accordance herewith.

August 20, 2012.

                                      Edward J. McManus, Judge
                                      UNITED STATES DISTRICT COURT